IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>REVEL AC, INC., *et al.*,<br><br>       Debtors. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No. 15-___ (JBS) |
| POLO NORTH COUNTRY CLUB, INC.<br><br>       Plaintiff,<br><br>v.<br><br>ACR ENERGY PARTNERS, LLC, A NEW JERSEY LIMITED LIABILITY COMPANY,<br><br>       Defendant. | **NOTICE OF REMOVAL** |

    Defendant ACR Energy Partners, LLC ("ACR"), pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files this Notice to remove the civil action captioned *Polo North Country Club, Inc. v. ACR Energy Partners, LLC*, pending in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey (the "District Court"). As grounds for removal, ACR respectfully states as follows:

1. On April 6, 2015, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered the Order Approving the Sale of the Debtors' Assets Free and Clear of Certain Liens, Claims, Encumbrances and Interests and Granting Related Relief [docket no. 1550],[1] which authorized the sale of the Debtors' assets to Polo North.  The sale closed on April 7, 2015. *See Notice of Sale Closing* [docket no. 1553].

2. On April 10, 2015, Polo North Country Club, Inc. ("Polo North") filed the complaint and related pleadings (the "Complaint") in the Superior Court of New Jersey, Law Division, Atlantic County (the "State Court Action") seeking a temporary restraining order ordering and compelling ACR to supply electrical utility services to the Revel Property, a preliminary injunction continuing the injunctive relief, and compensatory damages.

3. Removal of the State Court Action is authorized by 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).  28 U.S.C. § 1334(a) provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a).  Certain matters related to a debtor's bankruptcy are included within the scope of federal bankruptcy jurisdiction under

---

[1] Unless otherwise noted, all docket references herein are to the docket for *In re Revel AC, Inc., et al.*, case no. 14-22654 (GMB) (the "Bankruptcy Case").

28 U.S.C. § 1334 *et seq.*  Specifically, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334(b) because the State Court Action "arises under" or is "related to" title 11 bankruptcy proceedings pending in the Bankruptcy Court.   Therefore, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1334, and removal to this Court is proper under 28 U.S.C. § 1452(a) and Rule 9027 of the Bankruptcy Rules.  In the alternative, removal is proper pursuant to 28 U.S.C. § 1441(b) because there is diversity of citizenship, with the Plaintiff being a citizen of the State of Florida and the Defendant being a citizen of the State of New Jersey, and the amount in controversy is in excess of $75,000.

4. Pursuant to Rule 9027(a)(1) of the Bankruptcy Rules, ACR states that the claims asserted by the Plaintiff are core, within the meaning of 28 U.S.C. § 157(b)(2).  The Bankruptcy Code provides a non-exclusive list of matters that are included within core proceedings, including matters concerning the administration of the estate.  28 U.S.C. § 157(b)(2)(A).  In the instant case, Plaintiff's claims directly relate to the Debtors' rights regarding the ESA and ACR Lease, which are subject to dispute in the Bankruptcy Case.  Accordingly, upon removal of the State

Court Action, the claims asserted by Plaintiff against ACR will constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2).

5. In the alternative, the State Court Action is "related to" the title 11 bankruptcy proceedings pending in the Bankruptcy Court. A proceeding meets the jurisdictional threshold of 28 U.S.C. § 1334 if the outcome of that proceeding could conceivably have *any* effect on the estate being administered in bankruptcy. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*") (emphasis added) (overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)); *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 164 (3d Cir. 2004) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.") (quoting *Pacor*, 743 F.2d at 994); *Nuveen Mun. Trust ex rei. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293-94 (3d Cir. 2012) (same); *see also Publicker Indus. Inc. v. U.S. (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir. 1992) (stating the bankruptcy court has "related to" jurisdiction over an action that might have any "conceivable

effect" on the bankrupt estate).  Here, Plaintiff's claims directly impact property of the Debtor's estate.  Therefore, this Court has original jurisdiction over the claims under 28 U.S.C. § 1334, and the State Court Action may be removed to this Court under 28 U.S. C.§ 1452(a) and Rule 9027 of the Bankruptcy Rules.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of Notice of Removal will be provided to all adverse parties, as well as the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County, promptly after the filing of this Notice of Removal.  As required by 28 U.S.C. § 1446(a), copies of all relevant documents from the state-court action are attached hereto as Exhibit A.

7. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of ACR's right to assert any defense or affirmative matter.

WHEREFORE the State Court Action is removed to this Court.

Dated:       April 10, 2015

**DLA PIPER LLP (US)**
By:  */s/ Stuart M. Brown*
Stuart M. Brown (NJ ID #026641988)
Timothy J. Lowry (NJ ID #013342002)
R. Craig Martin (admitted *pro hac vice*)
17 Gordon's Alley, Suite 100
Atlantic City, NJ  08401
(609) 449-7000

*Counsel to ACR Energy Partners, LLC*