## **Exhibit A**

## **Complaint**

# FORD, FLOWER, HASBROUCK & KING
*Attorneys at Law*

CENTRAL SQUARE, SUITE 42A
P.O. BOX 405
199 NEW ROAD
LINWOOD, NEW JERSEY 08221
(609) 653-1500
FAX:(609) 653-8887
www.ffhklaw.com

CENTRE COURT - SUITE N-101
728 WEST AVENUE
OCEAN CITY, NEW JERSEY 08226
(609) 398-8166
FAX: (609) 398-8633
www.ffhklaw.com

ARTHUR T. FORD, III
WILLIS F. FLOWER          wflower@ffhklaw.com
DAVID C. HASBROUCK    dhasbrouck@ffhklaw.com
RICHARD M. KING, JR.      rking@ffhklaw.com
ROBERT A. LOEFFLAD      rloefflad@ffhklaw.com

Of Counsel
GEORGE L. SELTZER        gseltzer@ffhklaw.com

DELIVERY ADDRESS:
Central Square, Suite 42A
199 New Road
Linwood, NJ 08221

**PLEASE REPLY TO:**
**MAILING ADDRESS:**
**P.O. Box 405**
**Linwood, NJ 08221**

April 10, 2015

EMAIL: deniz.uzel@judiciary.state.nj.us
FAX # 909-8066
Deniz Uzel, Law Clerk
Honorable Raymond A. Batten, PJ Ch
4997 Unami Boulevard
Mays Landing, NJ 08330

RE:   Polo North v. ACR Energy
      Our File No. 15-7475

Dear Deniz:

Enclosed please find final papers in connection with the proposed Order to Show Cause returnable at 3:00 p.m. this afternoon.

I have forwarded the enclosed to my adversary and notified my adversary of the 3:00 p.m. oral argument.

Thank you for your consideration.

Most respectfully,

FORD, FLOWER, HASBROUCK & KING

Willis F. Flower, Esquire

WFF/sam
Enclosure – Final Order to Show Cause
cc:     Timothy Lowry, Esquire (*via email w/enc. & hand delivery*)

# FORD, FLOWER, HASBROUCK & KING
*Attorneys at Law*

CENTRAL SQUARE, SUITE 42A
P.O. BOX 405
199 NEW ROAD
LINWOOD, NEW JERSEY 08221
(609) 653-1500
FAX: (609) 653-8887
www.ffhklaw.com

CENTRE COURT - SUITE N-101
728 WEST AVENUE
OCEAN CITY, NEW JERSEY 08226
(609) 398-8166
FAX: (609) 398-8633
www.ffhklaw.com

ARTHUR T. FORD, III
WILLIS F. FLOWER            wflower@ffhklaw.com
DAVID C. HASBROUCK     dhasbrouck@ffhklaw.com
RICHARD M. KING, JR.       rking@ffhklaw.com
ROBERT A. LOEFFLAD       rloefflad@ffhklaw.com
- - - - - - - - -
Of Counsel
GEORGE L. SELTZER        gseltzer@ffhklaw.com

**PLEASE REPLY TO:**
**MAILING ADDRESS:**
**P.O. Box 405**
**Linwood, NJ 08221**

HAND DELIVERY ONLY:
Central Square, Suite 42A
199 New Road
Linwood, NJ 08221

April 10, 2015

Hon. Raymond A. Batten, P.J.Ch.
Criminal Court House
4997 Unami Boulevard
Mays Landing, NJ 08330

RE:    Polo North v. ACR Energy
       Docket No.
       Our File No. 15-7475 (Polo North)

Dear Judge Batten:

This matter is time sensitive and the parties have consented.

I enclose herewith originals of the following:

(1)    Letter Brief to Judge Batten;
(2)    Certification of Glenn Straub;
(3)    Certification of Facsimile Signature;
(4)    Proposed Order To Show Cause (+1);
(5)    $175.00 Firm Check; and
(6)    Pre-stamped return envelope.

If there are any questions or concerns, please call me at 653-1500.

# FORD, FLOWER, HASBROUCK & KING
*Attorneys at Law*

Hon. Raymond A. Batten, P.J.Ch.
April 10, 2015
Page 2

Thank you in advance for your courtesy and assistance.

Respectfully,

FORD, FLOWER, HASBROUCK & KING

Willis F. Flower, Esquire

WFF/sam
Enclosures:    Itemized Above
cc:      Timothy J. Lowry, Esquire *(via email w/enc.)*

# FORD, FLOWER, HASBROUCK & KING
*Attorneys at Law*

CENTRAL SQUARE, SUITE 42A
P.O. BOX 405
199 NEW ROAD
LINWOOD, NEW JERSEY 08221
(609) 653-1500
FAX: (609) 653-8887
www.ffhklaw.com

CENTRE COURT - SUITE N-101
728 WEST AVENUE
OCEAN CITY, NEW JERSEY 08226
(609) 398-8166
FAX: (609) 398-8633
www.ffhklaw.com

ARTHUR T. FORD, III
WILLIS F. FLOWER          wflower@ffhklaw.com
DAVID C. HASBROUCK     dhasbrouck@ffhklaw.com
RICHARD M. KING, JR.       rking@ffhklaw.com
ROBERT A. LOEFFLAD       rloefflad@ffhklaw.com
‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒
Of Counsel
GEORGE L. SELTZER        gseltzer@ffhklaw.com

**PLEASE REPLY TO:**
**MAILING ADDRESS:**
**P.O. Box 405**
**Linwood, NJ 08221**

HAND DELIVERY ONLY:
Central Square, Suite 42A
199 New Road
Linwood, NJ 08221

April 10, 2015

Hon. Raymond A. Batten, P.J.Ch.
Criminal Court House
4997 Unami Boulevard
Mays Landing, NJ 08330

RE:   Polo North v. ACR Energy
      Docket No.
      **EMERGENT ORDER TO SHOW CAUSE**
      Our File No. 15-7475 (Polo North)

Dear Judge Batten:

Please accept this letter in lieu of a more formal brief on behalf of the Plaintiff, Polo

North, in support of its application for a Temporary Restraining Order.  Respectfully, we seek

the immediate intervention of this Court in order to prevent irreparable harm in what could be a

public tragedy of considerable proportions.

## <u>STANDARD OF REVIEW</u>

This Court is undoubtedly familiar with the criteria, which under ordinary circumstances,

must be addressed as a prerequisite for injunctive relief.  <u>Crowe v. De Gioia</u>, 90 <u>N.J.</u> 126, 132-34

(1982).

# FORD, FLOWER, HASBROUCK & KING
*Attorneys at Law*

Hon. Raymond A. Batten, P.J.Ch.
April 10, 2015
Page 2

It is generally understood that all the Crowe factors must weigh in favor of injunctive relief.  See, Mckenzie v. Corzine, 396 N.J. Super. 405, 414 (App. Div. 2007); and Sherman v. Sherman, 330 N.J. Super. 638, 642-43 (Ch. Div. 1999).

The rule is somewhat different where, as here, the purpose of the application is to preserve the *status quo ante*.  "A Court may take a less ridged view than it would after a final hearing when the interlocutory injunction is merely designed to preserve the status quo.  General Electric Co. v. Gem Vacuum Stores, Inc., 36 N.J. Super. 234, 236-37 (App. Div. 1955), the issuance of an interlocutory injunction must be squarely based on an appropriate exercise of sound judicial discretion, New Jersey State Bar Association v. Northern New Jersey Mortgage Association 22 N.J. 184, 194 (1956); Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., 268 F. 2nd 569 (3rd Cir. 1959), which - - when limited to preserving the status quo during the suit's pendency - - may permit the court to place less emphasis on a particular Crowe factor if another greatly requires the issuance of the remedy."  The foregoing quote citing the designated cases with approval is from the 2008 case of Waste Management of New Jersey. Inc. v. Union County Utilities Authority, 399 N.J. Super. 508, 520 (App. Div. 2008)

## STATEMENT OF FACTS

As set forth in the Verified Complaint and the Certification of Glenn Straub submitted herewith, the refusal of the Defendant, ACR Energy, to continue to supply electrical utility services to the Revel property now owned by Polo North not only threatens immediate harm to

FORD, FLOWER, HASBROUCK & KING
*Attorneys at Law*

Hon. Raymond A. Batten, P.J.Ch.
April 10, 2015
Page 3

the Plaintiff, but more widely, imperils the public, the people of Atlantic City, and the dedicated

members of the Atlantic City Fire Department.

We would respectfully direct the Court's attention to the April 9, 2015 letter from Acting

Fire Chief Vincent J. Granese, which warns of the dire consequences if electrical service to the

Revel property remains cut off.  Chief Granese states in no uncertain terms precisely how cutting

off electrical service will make the detection and fighting of fires on this property extremely

difficult, hazardous, and likely impossible.  Without the fire protection systems which are

electrically powered, fighting a fire "in a large high rise is virtually an impossible task."  The

absence of an operational fire alarm panel makes it difficult to locate the fire, resulting in long

delays and greater property damage as well as injuries to civilians and firefighters alike.  The

loss of electricity also means that ventilation systems do not work, requiring firefighters to

"advance through heat and smoke before arriving at the fire floor."  Crucial firefighting devices

and systems, including fire protection, fire alarms, sprinklers, and standpipe systems cannot be

maintained as the Fire Code requires without electricity.  Cf., N.J.A.C. 5:70-3, 311.2.2.

He points out as well that without electricity, the water supply needed for fire

extinguishment would be cut off from every floor above the seventh, which would be a disaster

in this, the second tallest building in the State of New Jersey.

FORD, FLOWER, HASBROUCK & KING
*Attorneys at Law*

Hon. Raymond A. Batten, P.J.Ch.
April 10, 2015
Page 4

Chief Granese details as well the hazards posed by losing the emergency lighting, and points to the fines and penalties which would be assessed on a per diem basis due to the inoperability of required fire protection services, even in the absence of a disaster.

The Chief summarizes the problem by stating flatly that "cutting the power to a structure as massive as Revel would be an extremely dangerous proposition for the Fire Department. . . . In the occurrence of a fire, it would an impossible task for the Fire Department to control."

Under these circumstances, the Plaintiff joins with the Fire Chief in seeking this Court's intervention in order "to avoid the dangerous life, health and safety issues resulting from loss of power" to the property.

The facts giving rise to the claim in this matter are clear and cannot reasonably be disputed. ACR Energy's refusal to continue to provide electricity on commercially viable terms is not denied. The very real dangers and hazards mentioned by the Fire Chief in his letter are not open to debate.

Finally, when balancing the equities of the parties, and looking at which would suffer more if the relief were granted or denied, it is absolutely clear that the remedy requested should issue.

ACR Energy will suffer no "damage" of any kind whatsoever if it is compelled to continue to supply electrical services, for which it is being compensated, for the property. However, the harm which the Plaintiff would suffer, and the harm posed to the people of Atlantic

FORD, FLOWER, HASBROUCK & KING
*Attorneys at Law*

Hon. Raymond A. Batten, P.J.Ch.
April 10, 2015
Page 5

City and to their Fire Department should electrical service remain disconnected, is all too obvious and indisputable.

It is respectfully submitted that it is precisely circumstances such as these in which the equitable powers of this Court are properly exercised in order to protect the public and to prevent a tragedy.

It is also submitted that by preemptively cutting off electric power in order to leverage a ruinous economic concession out of the plaintiff, the defendant has created a public nuisance inasmuch as the dangers created by the defendant's conduct effecting the rights of the general public. In re: Paint Litigation, 191 N.J. 405, 422-426 (2007)

Finally, the Court is requested to recognize the relief sought by the Plaintiff is the bare minimum necessary to preserve the status quo and to protect public safety.

The Plaintiff seeks restoration of electric service only.  It does not at this time ask the Court to compel production of hot or cold water for heating and air conditioning purposes, etc.

It is further noted the defendant has supplied power to the Revel property throughout the lengthily bankruptcy proceeding.  To request a brief extension of the prevailing practice is not unreasonable and will not in any respect subject the defendant to economic or other damage.

FORD, FLOWER, HASBROUCK & KING
*Attorneys at Law*

Hon. Raymond A. Batten, P.J.Ch.
April 10, 2015
Page 6

For all of the reasons set forth herein, therefore, it is respectfully requested that a Temporary Restraint issue, to be followed by an injunction, compelling ACR Energy to continue to provide electrical services to the Revel property.

Respectfully,

FORD, FLOWER, HASBROUCK & KING

Willis F. Flower, Esquire

WFF/sam
Enclosures:   Itemized Above
cc:      Timothy J. Lowry, Esquire *(via email w/enc.)*

Willis F. Flower, Esquire
NJ Attorney ID: 243941971
FORD, FLOWER HASBROUCK & KING
Attorneys At Law
Central Square, Suite 42A
P.O. Box 405
New Road & Central Avenue
Linwood, New Jersey 08221
(609) 653-1500
Attorneys for Polo North Country Club, Inc.

| | |
|---|---|
| POLO NORTH COUNTRY CLUB, INC., | :    SUPERIOR COURT OF NEW JERSEY<br>:    CHANCERY DIVISION<br>:    ATLANTIC COUNTY |
| Plaintiff, | : |
| vs. | :    DOCKET NO. |
| ACR ENERGY PARTNERS, LLC, | :    **ORDER TO SHOW CAUSE WITH**<br>:    **TEMPORARY RESTRAINTS PURSUANT** |
| Defendant. | :    **TO RULE 4:52** |

**THIS MATTER** being brought before the Court by Willis F. Flower, Esquire, a partner in the firm of Ford, Flower, Hasbrouck & King, attorney for the Plaintiff Polo North Country Club, Inc., seeking relief by way of temporary restraints pursuant to *R*. 4:52, based upon the facts set forth in the Verified Complaint filed herewith; and it appearing that Defendant has notice of this application, and for good cause shown.

It is on this ___ day of _____, 2015, ORDERED that Defendant appear and show cause before the Superior Court of New Jersey at the Atlantic County Courthouse in Mays Landing, New Jersey on the _____ day of _____, 2015, at _____ o'clock in the _____ noon, or as soon thereafter as counsel can be heard, why an order should not be issued preliminarily enjoining and compelling Defendant ACR Energy Partners, LLC to:

    A.      Provide electrical utility services to the Revel property owned by the Plaintiff

           until further order of this Court

B.      Granting such other relief as the Court deems equitable and just.

And it is further ORDERED that:

1.  The Defendant may move to dissolve or modify the temporary restrains herein contained on two days' notice to the Plaintiff's attorney.

2.  A copy of this Order to Show Cause, Verified Complaint, Brief, and Certification submitted in support of this application shall be served upon the Defendant by personally delivering same to the attorney for the Defendant within _____ days of the date hereof, in accordance with *R.* 4:4-3 and *R.* 4:4-4, this being original process.

3.  The Plaintiff must file with the Court his Proof of Service of the pleadings on the Defendant no later than three days before the return date.

4.  Defendant shall file and serve a written response to the Order to Show Cause and the request for entry of injunctive relief and Proof of Service by _____, 2015.  The original documents must be filed with the Clerk of the Superior Court in the county listed above.  A directory of these offices is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.  You must send a copy of your opposition papers directly to Judge Raymond A. Batten, whose address is 4997 Unami Blvd., Mays Landing, New Jersey 08330.  You must also send a copy of your opposition papers directly to the Plaintiff's attorney whose name and address appears above, or to the Plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file your opposition and pay the required fee of $175.00 and serve your opposition on your adversary, if you want the Court to hear your opposition to the injunctive relief.

FORD, FLOWER, HASBROUCK & KING • *Attorneys at Law*
Linwood, New Jersey 08221

5. The Plaintiff must file and serve any written reply to the Defendant's opposition to the Plaintiff's Order to Show Cause by _____, 2015. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge Raymond A. Batten at the aforesaid address.

6. If the Defendant does not file and serve opposition to this Order to Show Cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that Plaintiff provides a Proof of Service and a proposed form of the Order at least three days prior to the return date hereof.

7. If the Plaintiff has not already done so, a proposed form of Order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the Court no later than three days before the return date.

8. Defendant takes notice that the Plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The Verified Complaint attached to this Order to Show Cause states the basis of the lawsuit. If you dispute this complaint, you, or your attorney, must file a written Answer to the Complaint and Proof of Service within 35 days from the date of service of this Order to Show Cause; not counting the day you received it. These documents must be filed with the Clerk of the Superior Court in the county listed above. A directory of these offices is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf. Include a $175.00 filing fee payable to the "Treasurer State of New Jersey." You must also

FORD, FLOWER, HASBROUCK & KING • *Attorneys at Law*
Linwood, New Jersey 08221

send a copy of your Answer to the Plaintiff's attorney whose name and address appear above, or to the Plaintiff, if no attorney Is named above. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default. Please note: Opposition to the Order to Show Cause is not an Answer and you must file both. Please note further: if you do not file and serve an Answer within 35 days of this Order to Show Cause, the Court may enter a default against you for the relief Plaintiff demands.

9. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have any attorney and are not eligible for free legal assistance, you may obtain a referral to any attorney by calling one of the Lawyer Referral Services. A directly with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

10. The Court will entertain argument, but not testimony, on the return date of the Order to Show Cause, unless the Court and parties are advised to the contrary no later than _____ days before the return date.

HON. RAYMOND A. BATTEN, P.J.Ch.

4

Willis F. Flower, Esquire
NJ Attorney ID: 243941971
FORD, FLOWER HASBROUCK & KING
Attorneys At Law
Central Square, Suite 42A
P.O. Box 405
New Road & Central Avenue
Linwood, New Jersey 08221
(609) 653-1500
Attorneys for Polo North County Club, Inc.

| | |
|---|---|
| POLO NORTH COUNTRY CLUB, INC., | : SUPERIOR COURT OF NEW JERSEY |
| | : CHANCERY DIVISION |
| Plaintiff, | : ATLANTIC COUNTY |
| | : |
| | : |
| vs. | : DOCKET NO. |
| | : |
| ACR ENERGY PARTNERS, LLC, A | : **VERIFIED COMPLAINT** |
| NEW JERSEY LIMITED LIABILITY | : |
| COMPANY, | |
| | |
| Defendant | |

Plaintiff, POLO NORTH COUNTY CLUB, INC., a Florida corporation with its principal place of business situate at 11199 Polo Club Road, Wellington, Florida 33414, ad being authorized to do business in New Jersey by way of Verified Complaint against defendant, ACR ENERGY PARTNERS, LLC, a New Jersey Limited Liability Company, says:

1. Plaintiff, Polo North County Club, Inc. is the purchaser of the Revel Casino Hotel on the boardwalk in Atlantic City, New Jersey ("the Revel Property").

2. On Tuesday, April 7, 2015, closing took place when Polo North County Club, Inc. actually acquired the Revel property, following approval by the United States Bankruptcy Court.

3. The sole provider of electrical utility services to the property is ACR Energy Partners, LLC.

4. ACR Energy Partners, LLC. has been supplying electrical power to the Revel property pursuant to an agreement with the prior owners of Revel.

5. At the present time, it is impossible to supply electrical power to the property other than that being supplied by ACR Energy Partners, LLC..  That is, the Revel property cannot simply be connected to the existing electrical grid in Atlantic City for a period of several weeks.

6. Polo North Country Club, Inc. acquired the Showboat property on Friday, April 3, 2015.

7. Upon information and belief, Revel can be connected to the electric utility grid through Showboat, which has its own separate power plant, but that this process will take approximately two weeks.

8. In the meantime, Plaintiff has been trying assiduously to negotiate with ACR Energy Partners, LLC. for it to continue to supply electrical utility services to the Revel property.

9. Polo North County Club, Inc. has offered to pay ACR Energy Partners, LLC a commercially reasonable amount for continued electrical service until it can find an alternate source of electrical power.  ACR Energy Partners, LLC continues to refuse to do so.

10. Instead, ACR Energy Partners, LLC has attempted to take advantage of this situation by demanding that Polo North Country Club, Inc. enter into an oppressive, 20-year or more agreement with ACR Energy Partners, LLC.at highly disadvantageous rates.  Plaintiff has received an April 9, 2015 letter which we have received from the Fire Department of the City of Atlantic City warning of the highly dangerous consequences if electrical service is cut off to the Revel casino property.

11. As Acting Fire Chief Granese points out in that April 9, 2015 letter, shutting down power to the property will "create a host of problems and hazards for firefighting operations." This includes an inability to fight fires above the seventh floor, the unavailability of ventilation, a "key component in the extinguishment of any fire," and the fact that fire protection, fire alarm, sprinkler and standpipe systems cannot be maintained in an operable condition without electricity.

12. Further, Acting Fire Chief Granese points out that because of the massive size of the structure, losing electricity would make the possibility of delivering water to the fire "almost an impossible task." Further, there are significant concerns about the inability to light the emergency scene.

13. A further letter from the City of Atlantic City includes a Notice of Violation and threatens immediate fines and penalties assessed on a per diem basis to the inability to comply with the Fire Code if electrical services are cut off. He concludes "cutting the power to a structure as massive as Revel can be an extremely dangerous proposition for the Fire Department."

14. Acting Fire Chief Granese concludes by asking Plaintiff to "take all appropriate steps to maintain power to the structure in to avoid the dangerous life, health and safety issues resulting from loss of power."

15. The refusal of ACR Energy Partners, LLC. to provide electrical services has caused and will continue to cause property damage to the plaintiff and to imperil the ability to fight fires on the premises in questions, thereby imperiling plaintiff's employees and agents, civilians, and firefighters alike as well as adjoining properties and their occupants.

16. Because of the refusal of ACR Energy Partners, LLC.to continue to supply electrical services, and the unavailability of any alternatives for at least the next two weeks, Polo North County Club, Inc. urgently requests that this Court issue immediate injunctive relief compelling ACR Energy Partners, LLC. to continue to provide electrical utility services to the Revel casino property until alternative electrical services become available.

In the absence of relief from this Court, Plaintiffs, The City of Atlantic City and its personnel and adjoining properties are at risk of immediate substantial and irrespirable harm for which there is no adequate remedy at law.

WHEREAS, Plaintiff seeks a temporary restraining order ordering and compelling ACR Energy Partners, LLC. to supply electrical utility services to the Revel Property until further order of this Court; a preliminary injunction continuing the injunctive relief granted; and compensatory damages; and such other and further relief as the court may deem just and proper.

FORD, FLOWER, HASBROUCK & KING
Attorneys for Plaintiff

Date: 4/10/15

BY: _____
WILLIS F. FLOWER, ESQUIRE

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4 Willis F. Flower, Esquire is hereby designated as trial counsel in the above-captioned litigation on behalf of the Plaintiff.

FORD, FLOWER, HASBROUCK & KING • *Attorneys at Law*
Linwood, New Jersey 08221

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

FORD, FLOWER, HASBROUCK & KING
Attorneys for Plaintiff

Date: 4/10/15

BY: _____
WILLIS F. FLOWER, ESQUIRE

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that, to the best of my knowledge and belief, the matter in controversy is not the subject of any action pending in any other court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I know of no other parties other than the parties set forth in this pleading who should be joined in the above action. I recognize the continuing obligation of each party to file with the Court and serve on all parties an amended Certification if there is a change in the facts stated in the original Certification.

FORD, FLOWER, HASBROUCK & KING
Attorneys for Plaintiffs

Date: 4/10/15

BY: _____
WILLIS F. FLOWER, ESQUIRE

5

FORD, FLOWER, HASBROUCK & KING • *Attorneys at Law*
Linwood, New Jersey 08221

Willis F. Flower, Esquire
NJ Attorney ID: 243941971
FORD, FLOWER HASBROUCK & KING
Attorneys At Law
Central Square, Suite 42A
P.O. Box 405
New Road & Central Avenue
Linwood, New Jersey 08221
(609) 653-1500
Attorneys for Polo North Country Club, Inc.

| | |
|---|---|
| POLO NORTH COUNTRY CLUB, INC., | : SUPERIOR COURT OF NEW JERSEY<br>: CHANCERY DIVISION<br>: ATLANTIC COUNTY |
| Plaintiff, | : |
| vs. | : DOCKET NO. |
| ACR ENERGY PARTNERS, LLC, | : **CERTIFICATION OF GLENN STRAUB** |
| Defendant. | : |

I, GLENN STRAUB, do hereby certify as follows:

1.     I am the President of Polo North Country Club, Inc. ("Polo North"), the purchaser of the former Revel Casino Hotel on the Boardwalk in Atlantic City, New Jersey. (the "Revel property").

2.     On Tuesday, April 7, 2015, Polo North acquired the Revel property, following approval by the United States Bankruptcy Court.

3.     The sole provider of electrical utility services to the property is ACR Energy Partners, LLC ("ACR Energy").

4.     ACR Energy has been supplying electrical power to the Revel property pursuant to an agreement with the prior owner of Revel.

5.     ACR Energy terminated electrical service to the Revel property on April 9, 2015.

6.      At the present time, it is impossible to supply electrical power to the Revel property other than through the ACR Energy facility, across the street from the Revel property. That is, the Revel property cannot simply be connected to the existing electrical grid in Atlantic City for a period of several weeks.

7.      In the meantime, we have been trying assiduously to negotiate with ACR Energy for it to continue to supply electrical utility service to the Revel property.

8.      Polo North has offered to pay ACR Energy for continued electrical service until it can find an alternate source of electrical power.

9.      Instead, ACR Energy has attempted to take advantage of this situation by demanding that Polo North enter into a economically unfeasible agreement with ACR Energy, at an exorbitant rate, way beyond the cost of providing that needed electricity.

10.     Annexed hereto as Exhibit A, is an April 9, 2015 letter which we have received from the Fire Department of the City of Atlantic City warning of the highly dangerous consequences if electrical service is cut off to the Revel property.

11.     As Acting Fire Chief Granese points out in that April 9, 2015 letter, shutting down power to the Revel property will "create a host of problems and hazards for firefighting operations." This includes an inability to fight fires above the seventh floor, the unavailability of ventilation, a "key component in the extinguishment of any fire," and the fact that fire protection, fire alarm, sprinkler and standpipe systems cannot be maintained in an operable condition without electricity.

12.     Further, Acting Fire Chief Granese points out that because of the massive size of the structure, losing electricity would make the possibility of delivering water to the fire "almost an impossible task."

FORD, FLOWER, HASBROUCK & KING • *Attorneys at Law*
Linwood, New Jersey 08221

13.     The Chief concludes "cutting the power to a structure as massive as Revel can be an extremely dangerous proposition for the Fire Department."

14.     Acting Fire Chief Granese concludes by asking me to "take all appropriate steps to maintain power to the structure in to avoid the dangerous life, health and safety issues resulting from loss of power."

15.     A fire in the building would not only pose a life safety risk to firefighters, but would be a danger to adjoining properties and their occupants.  If destroyed due to fire, the loss of the Revel property would deprive Atlantic City of a substantial ratable and thousands of jobs.

16.     There are also FAA safety issues since the aircraft warning lights on the roof of the building are not operable without power.

17.     Because of the refusal of ACR Energy to continue to supply electrical services, and the unavailability of any alternatives for at least the next two weeks, Polo North urgently requests that this Court issue immediate injunctive relief compelling ACR Energy to continue to provide electrical utility services to the Revel property until alternative electrical services become available.


**THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK**

FORD, FLOWER, HASBROUCK & KING • *Attorneys at Law*
Linwood, New Jersey 08221

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated:  April 10, 2015                            GLENN STRAUB

# Exhibit A



**CITY OF ATLANTIC CITY**

**FIRE DEPARTMENT**                                      **Vincent J. Granese**
**Administrative Headquarters**                           **Acting Fire Chief**

PUBLIC SAFETY BUILDING – SUITE 420A
2715 ATLANTIC AVENUE
ATLANTIC CITY, N.J. 08401

April 9, 2015

Lloyd D. Levenson, Esquire
Cooper Levenson
1125 Atlantic Avenue
Atlantic City, NJ 08401

RE:  Revel Casino

Dear Mr. Levenson:

You have advised that you represent the owner of the property formerly known as Revel Casino. Moreover, you have brought to my attention that the property is in jeopardy of having its power to that structure shut down.  In doing so, it would create a host of problems and hazards for firefighting operations.

Hi-rise buildings are designed with fire protection systems to contain and extinguish fires that may occur. Without these protection systems fighting a fire in a large hi-rise is virtually an impossible task.  Without an operational fire alarm panel it would be difficult to locate the fire causing a long delay resulting in a much larger fire. If a fire occurs on an upper floor without the use of elevators it takes on average five (5) minutes per floor to advance firefighters and the equipment.  When they arrive at the fire floor they are nearly exhausted before they engage in firefighting operations. The Fire Command Center along with security is another issue that is essential to our fighting forces, they report the location of any fire and escort our members to the exact location of the incident.  This translates into less property damage and injuries to civilians and firefighters.

Ventilation is another key component to the extinguishment of any fire. In hi-rise fires mechanical ventilation is used to accomplish this task, with no power to the building this system would be inoperable. Ventilation systems are also used to pressurize the stairwells. Without pressurized stairwells firefighters may have to advance through heat and smoke before arriving at the fire floor.

Furthermore, pursuant to N.J.A.C. 5:70-3, 311.2.2 (Fire Code), fire protection, fire alarm, sprinkler and standpipe systems shall be maintained in an operable condition at all times. Without electricity these systems cannot remain operable.



EXHIBIT
A

Without power, the water supply that is used in fire extinguishment would be cut off from every floor above the seventh floor. Due to the massive size of this structure delivering water to the fire is almost an impossible task.

Lighting the emergency scene is another safety concern. The Fire Department has a limited ability to accomplish this task; currently we are equipped to provide emergency lighting for much smaller emergency scenes such as dwelling fires and car accidents.

If power is terminated from the structure the Fire Department must take the appropriate action pursuant to the Fire Code which includes immediate inspection and assessment of the structure resulting in fines and penalties assessed on a per diem basis.

In all, cutting the power to a structure as massive as Revel would be an extremely dangerous proposition for the Fire Department. Revel is full of combustible materials and furnishings that would feed a fire and make the odds insurmountable to control a fire. Property damage would be very costly and pose a serious risk to our City's firefighters. In the occurrence of a fire, it would be an impossible task for the Fire Department to control.

Please take all appropriate steps to maintain power to this structure in order to avoid the dangerous life, health and safety issues resulting from loss of power.

Very truly yours,

Vincent J. Granese, Acting Fire Chief

cc:  Hon. Donald A. Guardian, Mayor
     Arthur M. Liston, Business Administrator
     Dale Finch, Director of Licensing & Inspections
     Wallace Shields, Construction Official
     Mohammad Hatefi, Fire Official
     Jason Holt, City Solicitor
     Michael J. Perugini, Assistant City Solicitor
     Tadd Henson, Deputy, DGE

Exhibit B





# Atlantic City Fire Department
# Fire Prevention Bureau

2715 Atlantic Avenue - 1st Floor - Room #111
Atlantic City, New Jersey 08401
Phone #: 609-347-5595 / Fax: 609-347-5593

Fire Chief
Dennis J. Brook

Fire Official
Mohammed Hatefi

Date: 04/09/2015
Page: 1
Registration No.: 0102-66289-001-01

To:  Polo North Country Club Inc. C/O Llyod D.Levenson
Cooper Levenson
1125 Atlantic Avenue
Atlantic City NJ 08401

# NOTICE OF CODE VIOLATION
## and
# ORDER TO PAY PENALTY

Inspector:          Fire Offical M. Hatefi
Inspection Date:    April 9, 2015
Premises:           Revel - High Rise
                    500 Boardwalk
                    Atlantic City, New Jersey   08401
Block/Lot:          Zn-10
**Penalty:**        **$ 10000 First Day**

YOU ARE HEREBY NOTIFIED that you are in violation of the Uniform Fire Safety Act (N.J.S.A. 52:27D-210) for the reasons stated below:

You are in violation of the above because on or about April 9, 2015, you or your agents:

        Imminent Hazard
        Diabling / Decreasing Fire Protection

The pertinent portion of the ACT states:
    NO PERSON SHALL:
    1. Obstruct, hinder, delay or interfere by force or otherwise with the commissioner or any local enforcing agency in
       the exercise of any power or the discharge of any function or duty under the provisions of this act;
    2. Prepare, utter or render any false statement, report, document, plans or specification permitted or required under
       the provisions of this act;
    3. Render ineffective or inoperative, or fail to properly maintain, any protective equipment or system installed, or
       intended to be installed, in a building or structure;
    4. Refuse or fail to comply with a lawful ruling, action, order or notice of the commissioner or a local enforcing
       agency; or
    5. Violate, or cause to be violated, any of the provisions of this act.

Pursuant to the ACT you are hereby ordered to PAY THE SUM of $ 10000 First Day.accordance with the above-referenced law, you
must pay the total amount due WITHIN 30 DAYS after issuance of this order. If you fail to make full payment within 30 days,
this matter will be referred to the Atlantic City Solicitor for summary collection pursuant to the Penalty Enforcement Law
(N.J.S.A. 2A:50-10 et. seq.). If specific action is required on your part, you are advised that if such action is not
completed by   , additional penalties may be imposed.

TAKE NOTICE THAT, Pursuant to N.J.A.C. 5:70-2.12, penalty assessments can be compromised or settled only if it shall be
likely to result in compliance. Moreover, no such disposition can be finalized while the subject violation continues to
exist. THIS PENALTY IS IN ADDITION TO ALL PENALTIES PREVIOUSLY ASSESSED.

MAKE CHECKS PAYABLE TO: City of Atlantic City               By: _____
                                                                Mohammed Hatefi, Fire Official

        Mail to: Atlantic City
                 Fire Prevention Bureau
                 2715 Atlantic Avenue - Suite 111
                 Atlantic City, New Jersey 08401
                 Phone: (609) 347-5595

APPEAL RIGHTS-EXTENSIONS

See the attachment for information concerning your administrative appeal rights, the procedure for requesting an extension
of time in which to comply and a description of authorized penalties.

Premises: Revel - High Rise

Registration No.   0102-66289-001-01
Inspection Date:   April 9, 2015
Page number:       2

# ADMINISTRATIVE APPEAL RIGHTS

## GENERAL

YOU MAY CONTEST THESE ORDERS BY FILING AN APPEAL. The request for a hearing must be made in writing within 15 DAYS after receipt of this order and addressed to:

Atlantic County C.B.O.A.                    Copy to:  Atlantic City
New Road and Dolphin Avenue                           Fire Prevention Bureau
Box 719                                               2715 Atlantic Avenue - Suite 111
Northfield, NJ 08225                                  Atlantic City, New Jersey 08401
                                                      Phone: (609) 347-5595

In accordance with the rules promulgated under the Administrative Procedure Act (NJSA 52:14B-1 et. seq. and 52:14F-1 et. seq.) an appeal request must sufficiently identify the decision or action you wish to appeal, and the specific reasons forming the basis for your dispute, in order that a decision may be made as to whether your appeal constitutes a contested case.

You are advised that only matters deemed to be CONTESTED CASES, as defined by the Administrative Procedures Act, will be scheduled for a Hearing. If a hearing is scheduled, you will be notified in advance of the time and place.

You are also advised that the appeal to the Construction Board of Appeals must be accompanied by the fee of $50.00; payable to Atlantic County C.B.O.A..

At a hearing, a corporation may be represented only by a licensed attorney, unless prior approval is given by the Office of Administrative Law.

## EXTENSIONS

If a specified time has been given to abate a violation, YOU MAY REQUEST AN EXTENSION OF TIME by submitting a WRITTEN request to the ATLANTIC CITY FIRE PREVENTION BUREAU. To be considered, the request must be made before the compliance date specified and must set forth the work accomplished, the work remaining, the reason why an extension of time is necessary, and the date by which all work will be completed.

TAKE NOTICE THAT, pursuant to N.J.A.C. 5:70-2.10(d), an application for an extension constitutes an admission that the violation notice is factually and procedurally correct, and that the violations do or did exist. In addition, the request for an extension constitutes a waiver of the right to a hearing as to those violations for which an extension is applied.

## PENALTIES

Violation of the Code is punishable by monetary penalties of not more than $5,000 PER DAY FOR EACH VIOLATION. Each day a violation continues is an additional, separate violation except while an appeal is pending. Specific penalties are as follows:

a. Failure to install required protection equipment after having been given written notice of the requirement to do so: A maximum of $2,500 per violation per day.
b. Failure to abate any violation after having been given notice of the violation: A maximum of $5,000 per violation per day.
c. Storage of any material in violation of this Code or the conduct of any process in violation of the Code: A maximum of $5,000 per violation per day.
d. Blocking, locking, or obstructing required exits:
   i. In a place of public assembly: A maximum of $5,000 per occurrence.
   ii. In any other place: A maximum of $2,500 per occurrence.
e. Disabling or vandalizing any fire suppression or alarm device or system.
   i. In a place of public assembly: A maximum of $5,000 per occurrence.
   ii. In any other place: A maximum of $1,000 per occurrence.
f. Failure to obey a Notice of Imminent Hazard and Order to Vacate: A maximum of $5,000 per day for each day that the failure continues.
g. Failure to obey an Order to Close for a fixed period of time: A Maximum of $5,000 per day that the failure continues.
h. Obstructing the entry into a premises or interfering with the duty of an authorized inspector: A maximum of $2,500 for each occurrence.
i. Any willfully false application for a Permit or Registration: A maximum of $1,000.00 for each occurrence.
j. Any other act or omission prohibited by the Act or the Regulations: A maximum of $5,000 per violation per day.

Claims arising out of penalty assessments can be compromised or settled if it shall be likely to result in compliance. Moreover, no such disposition can be finalized while the violation continues to exist.

Any penalties assessed are in addition to others previously assessed. Penalties must be paid in full within 30 days after an order to pay. If full payment is not made within 30 days, the matter will be referred to the Atlantic City Solicitor for summary collection pursuant to the Penalty Enforcement Law (N.J.S.A. 2A:58-10 et. seq.).

NOTICE: If you require guidance or advice concerning your legal rights, obligations or the course of action you should follow, consult your own advisor.

Premises: Revel - High Rise
          500 Boardwalk

          Atlantic City, New Jersey  08401

Owner/Agent: Polo North Country Club Inc. C/O Llyod D.Levenson
             Cooper Levenson
             1125 Atlantic Avenue
             Atlantic City NJ. 08401

Registration No.    0102-66289-001-01
Inspection Date:    April 9, 2015
Initial Inspector:
Print Name:         Fire Offical M. Hatefi
Page number:        3

# VIOLATIONS

Date:

Inspector:

The violations cited on the above premises are as follows:

| Number | Description    (Maintenance: 0    Retrofit: 0) | Abate by | U/A | U/A | U/A |
|--------|------------------------------------------------|----------|-----|-----|-----|
| 1.     | Location:    Entire Building<br>Nature:      Imminet Hazards<br>Code Section: N.J.A.C. 5:70-2.16(b)5. | 05/09/2015 | | | |
| 3.     | Location:    Entire Building<br>Nature:      Disabling or Decreasing the effectivness of any<br>             fire suppression or alarm device or system.<br>Code Section: N.J.A.C. 5:70-2.12(b)4.ii | 05/09/2015 | | | |

Key:  The numbering of violations is for identification purposes only and shall not be construed as bearing in any way on
      the seriousness of any violation.
      "U" Unabated - Violation uncorrected.
      "A" Abated - Violation corrected.

Premises: Revel - High Rise

Registration No.    0102-66289-001-01
Inspection Date:    April 9, 2015
Page number:        4

# ADDITIONAL EXPLANATION

Violation #01: Imminet Hazards

5:70-2.16    Imminent hazards

(b)  The following violations, by their nature, constitute imminent hazards to the health, safety or welfare of the occupants or intended occupants of a building, structure or premises, of firefighters, or of the general public:

5.  Inadequacy of any required fire protection system.

Violation #02: *DELETED*
Violation #03: Disabling or Decreasing the effectivness of any fire suppressio

5:70-2.12    Penalties

(b)  The maximum penalty for any act or omission in violation of the Act or Code that is not enumerated in this subsection shall be $5,000 per violation per day.  Except as specified below, a violation of N.J.A.C. 5:70-3 or 4 shall subject a violator to a maximum penalty of $500.00 per violation per day. Specific violations shall subject violators to penalties as follows:

4.  Fire protection equipment:

ii.  Disabling or decreasing the effectiveness of any fire suppression or alarm device or system.

(1)  In a place of public assembly or education - a maximum of $5,000 per occurrence.

(2)  In any other place - a maximum of $1,000 per occurrence.

Willis F. Flower, Esquire
NJ Attorney ID: 243941971
FORD, FLOWER HASBROUCK & KING
Attorneys At Law
Central Square, Suite 42A
P.O. Box 405
New Road & Central Avenue
Linwood, New Jersey 08221
(609) 653-1500
Attorneys for Polo North Country Club, Inc.

| | |
|---|---|
| POLO NORTH COUNTRY CLUB, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ACR ENERGY PARTNERS, LLC,<br><br>Defendant. | : SUPERIOR COURT OF NEW JERSEY<br>: CHANCERY DIVISION<br>: ATLANTIC COUNTY<br>:<br>:<br>:<br>: DOCKET NO.<br>:<br>: **CERTIFICATION OF FACSIMILE**<br>: **SIGNATURE**<br>: |

I, **WILLIS F. FLOWER, ESQUIRE**, being of full age, hereby certify that:

1.    I am the attorney for Polo North Country Club, Inc. with regard to the above captioned matter and I have personal knowledge of the facts set forth herein.

2.    I am making this Certification in reference to the Certification of Glenn Straub executed by Mr. Straub on April 10, 2015.

3.    Mr. Straub has acknowledged the genuineness of his original signature.

4.    The original document was executed in completed form prior to facsimile transmission.

5.    The document or a copy with an original signature affixed to it will be obtained by me within seven (7) business days after the date the document or pleading with the facsimile signature was filed with the Court.

1

FORD, FLOWER, HASBROUCK & KING • *Attorneys at Law*
Linwood, New Jersey 08221

I CERTIFY THAT THE FOREGOING STATEMENTS MADE BY ME ARE TRUE. I AM AWARE IF ANY OF THE FOREGOING STATEMENTS MADE BY ME ARE WILLFULLY FALSE, I MAY BE SUBJECT TO PUNISHMENT.

DATE: 4/10/15                    BY: _____

                                      WILLIS F. FLOWER, ESQUIRE